UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATAUSHA SIMMONS,

    Petitioner,

v.                                   CASE NO. 2:22-CV-12721
                                       HON. BERNARD A. FRIEDMAN

PEOPLE OF THE STATE
OF MICHIGAN,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE MOTION
FOR IMMEDIATE CONSIDERATION (ECF No. 21).**

    Latausha Simmons, ("petitioner"), sought a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). Petitioner sought to prevent her retrial in the 37th District Court in Warren, Michigan for the misdemeanor offense of resisting and obstructing a police officer, M.C.L.A. 750.81d(1), claiming that her retrial following the reversal of her conviction by the Macomb County Circuit Court violated the Double Jeopardy Clause. On April 14, 2023, the Court denied the petition. First, the Court found that petitioner's claims were unexhausted. Second, the Court found that the Macomb County Circuit Court judge's issuance of a judgment of acquittal did not pose a double jeopardy barrier to petitioner's retrial because the judge issued the acquittal on appeal and after the jury had convicted her. This Court further noted that the Macomb County Circuit Court judge, on reconsideration, agreed with the prosecutor

1

that the appropriate remedy for Simmons's instructional error claim was a new trial and not a judgment of acquittal. (ECF No. 18).

Petitioner has now filed a motion for immediate consideration, (ECF No. 21), and an amended petition for writ of habeas corpus, (ECF No. 20). The motion for immediate consideration is construed in part as a motion to reopen the case, a motion for reconsideration, and a motion to amend the petition. Within both pleadings, petitioner asks this Court to stay the pending prosecution in the state court.

This Court is without the power to reinstate petitioner's original habeas petition that had previously been filed before this Court. This Court did not retain jurisdiction over petitioner's first habeas petition when denying it in the absence of any express retention of jurisdiction over the first petition. *See Lefkowitz v. Fair*, 816 F.2d 17, 21 (1st Cir. 1987). Because this Court did not expressly retain jurisdiction over the first petition, this Court will deny petitioner's motion to reinstate the original habeas petition to the Court's active docket. *See Wilson v. Warren*, No. 06-CV-15508, 2008 WL 5273633, * 1 (E.D. Mich. Dec. 17, 2008).

Petitioner also appears to argue that this Court erred in denying the original petition. Motions for reconsideration of final orders and judgments are no longer permitted under Local Rule 7.1 but must be brought under Federal Rules of Civil Procedure 59(e) or 60(b). *See Ackerman v. Washington*, No. 13-14137, 2021 WL 5782896, at * 1, n. 1 (E.D. Mich. Dec. 7, 2021) (citing See E.D. Mich. LR 7.1(h)(1)).

Petitioner is proceeding *pro se*; any motion for reconsideration would be construed as a motion to alter or amend judgment filed under Fed. R. Civ. P. 59, since both motions are analogous. *Cf. Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999) (treating motion to alter or to amend judgment filed by a *pro se* habeas petitioner as a motion for reconsideration filed under Local Rule 7.1).

The Court denied the petition on April 14, 2023. Petitioner filed her motion for immediate consideration on January 10, 2024, almost nine months later. Fed.R.Civ.P. 59(e) indicates that a motion to alter or amend a judgment shall be filed no later than twenty eight days after entry of the judgment. District courts do not have discretion to enlarge the time for filing a motion to alter or amend judgment brought under Rule 59(e). *FHQ Equities, LLC v. MBL Life Assurance Corp.*, 188 F. 3d 678, 682 (6th Cir. 1999). Any motion for this Court to reconsider its decision to deny habeas relief will be denied because the Court is unable to grant petitioner an extension of time to file a motion to alter or amend judgment beyond the time period for filing this motion.

Petitioner's motion to amend the petition must also be denied. Under Fed. R. Civ. P. 15, once a judgment has been entered in a case, including a habeas case, the filing of an amendment cannot be allowed until the judgment is set aside or vacated. *See Philistin v. Warden*, 701 F. App'x 908, 910 (11th Cir. 2017); *Pitts v. Champion*, 16 F. App'x 975, 977 (10th Cir. 2001); *Bishop v. Lane*, 478 F. Supp. 865, 866-67

(E.D. Tenn. 1978). Because this Court declines to reopen the case or set aside or vacate the judgment, this Court denies petitioner's motion to amend the petition.

Petitioner lastly asks this Court to stay the state court proceedings pursuant to 28 U.S.C. § 2251. A federal court lacks jurisdiction to issue a stay pursuant to 28 U.S.C. § 2251 when there is no habeas petition pending before that court. *See Steffen v. Tate*, 39 F.3d 622, 625-26 (6th Cir. 1994). In light of the fact that this Court is denying petitioner's motion to reopen the case and amend her petition, there is no habeas petition pending before this Court that would provide it with jurisdiction to issue a stay. *See, e.g., In re Hill*, 437 F.3d 1080, 1084 (11th Cir. 2006) (court of appeals, having denied convicted capital murder defendant's application for leave to file second or successive habeas petition as untimely, could not entertain defendant's application for stay of execution; court's jurisdiction ended with denial of the application). Accordingly, it is hereby,

ORDERED that the motion for immediate consideration (ECF No. 21) is DENIED.

**SO ORDERED.**

Dated: January 26, 2024
Detroit, Michigan

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge

5

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on January 26, 2024.

| | |
|---|---|
| **LaTausha Simmons**<br>20500 Dean Street<br>Detroit, MI 48234 | s/Johnetta M. Curry-Williams<br>Case Manager |